ARNOTT *v.* PRUDENTIAL INS. CO. OF AMERICA.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. LIFE INSURANCE—PAYMENT OF PREMIUMS BY BENEFICIARY.

After default in payment of premiums on a policy of life insurance, the insurance company received the arrears from a person whom the insured had designated as beneficiary. *Held,* that there was no lapse.

2. SAME—DESIGNATION OF BENEFICIARY.

A written designation of a person to whom the amount of a policy is to be paid, and request for such payment, addressed to the insurance company, made by the insured upon a paper furnished by the company, and in the form and manner thereby provided, is sufficient evidence of the right of such person to recover on the policy.

Appeal from Kings county court.

Action by Maria Arnott against the Prudential Insurance Company of America upon a policy of life insurance. Defendant appeals from a judgment of the county court affirming a judgment of a justice of the peace in favor of plaintiff. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas F. Magner,* for appellant. *Louis H. Dickerson,* (*Daniel B. Thompson,* of counsel,) for respondent.

BARNARD, P. J. On the 22d of August, 1887, one Alexander Robertson took out a policy of insurance upon his life for the sum of $86. The policy provided that, if the assured died after six months and before one year from the date of the policy, only half the amount was to be paid. The assured did die on the 11th of August, 1888, so that $43 only was payable upon the policy to those entitled to receive that amount. The premiums were all paid up to the time of the death of Robertson. On the 9th of August, 1888, the weekly payment of 10 cents a week for 10 weeks was in arrears, but on that day the company received the back payments from the plaintiff. There was no lapse, therefore.

No issue was taken as to the death of Robertson, or of the proof of the same. The complaint averred the death of Robertson, and the fulfillment of all the conditions of the policy whereby the loss became payable. The defendant pleaded only lapse, and that the plaintiff could not sue. The death was proven on the trial as alleged. The only question remaining, therefore, is as to the plaintiff's capacity to sue. The deceased boarded with the plaintiff. The case does not show the charter or by-laws of the company. The plaintiff insured the life of Robertson, and he gave her a paper addressed to the company, defendant, to pay her the loss. This request and designation of beneficiary was written, evidently, on a paper furnished by the company. This form provided that the designation of beneficiary should not be returned to the home office, in Newark, N. J., but sent by the agent who received it to the person who held the policy. The agent collected the premiums of the plaintiff under the policy and designation of beneficiary, and it is satisfactory evidence that all things were complied with to permit the beneficiary (plaintiff) to reap the fruits of her payments to the defendant. The judgment should be affirmed, with costs. All concur.